McFaklaND, J.,
delivered tbe opinion of tbe court:
Tbe defendants, Staples & Singleton, bad contracted with tbe complainant to build a bouse for bim in Ohatta-noga. Before tbe work was fully completed, various creditors of Staples & Singleton filed attachment bills against tbem, attaching the amount due them from Pass. About tbe same time, Staples & Singleton brought their action at law against Pass, to recover tbe amount they claimed to be due them for tbe work. There was one trial of this action, and a new trial granted.
Tbe present bill was then filed by Pass to. obtain an injunction against tbe prosecution of tbe action at law, upon tbe ground that tbe several attachment bills of tbe creditors of Staples & Singleton, attaching tbe very indebtedness sought to be recovered in tbe action at law, were all undetermined and pending; that tbe accounts were complicated, and defendants insolvent, and that tbe matters should all be determined in equity. There was a demurrer upon the ground, mainly, that the circuit court bad obtained jurisdiction, and tbe parties should be allowed to. get judgment in that court. Tbe demurrer was overruled, tbe bill answered, tbe cause consolidated with tbe attachment bills of tbe creditors, an account taken and report filed, to which there was no exception, and a decree thereon settling all tbe. rights of tbe various parties, from which Staples & Singleton have appealed. They mot being in condition to complain of tbe final decree upon tbe merits, by reason of not having excepted to tbe master’s report, tbe only question made by their counsel in this court is as to *37 tbe demurrer, wliich, it is insisted, should have been sustained.
W’e think a clearer case for an injunction could hardly have been made. While the attachment bills of the creditors of Staples & Singleton were pending, to reach the indebtedness due from Pass to said firm, the action at law certainly could not rightfully be prosecuted.
Let the decree be affirmed with costs.